### EX PARTE LEONARD JOHNSON.

#### No. 5329.   Decided February 5, 1919.

**Habeas Corpus—Bail—Burden of Proof—Rule Stated.**

The burden is upon the State to establish a case of murder in the first degree and can not be upon the relator, and unless the record of the case shows that the State has made out that sort of case bail is granted. Following Ex parte Firmin, 60 Texas Crim. Rep., 222.

Appeal from the Criminal District Court of Bowie. Tried below before the Hon. P. A. Turner.

Appeal from a habeas corpus proceeding denying bail.

The opinion states the case.

*Dorough, Crumpton & Lincoln,* for appellant.—Cited Ex parte Smith, 23 Texas Crim. App., 100; Ex parte Foster, 5 id., 625.

*E. A. Berry,* Assistant Attorney General, and *C. A. Wheeler,* District Attorney, for the State.—Cited Ex parte Jones, 31 Texas Crim. Rep., 422; Ex parte Beacon, 12 Texas Crim. App., 318; Ex parte Coldiron, 15 id., 463; Ex parte Taylor, 33 Texas Crim. Rep., 531.

LATTIMORE, JUDGE.—This is an appeal from the order and judgment of the Criminal District Court of Bowie County refusing the relator bail.

Relator stands charged by indictment with the offense of murder alleged to have been committed on the 28th day of December, 1918, and the lower court, after hearing the evidence, entered its order remanding the relator to the custody of the sheriff of said county, from which he has appealed.

We forbear any extended discussion of the evidence in this case in view of the fact that it will be tried in the courts.

This court, in the case of Ex parte Firmin, 60 Texas Crim. Rep., 222, holds that the burden is upon the State to establish a case of murder in the first degree, and can not be upon the relator, and that unless the record of the case, as presented to this court, shows that the State has made out that sort of case bail will be granted.

The record discloses no evidence of ill-will between the parties prior to the night of the 25th of December, 1918, at which time the uncontradicted evidence shows that deceased, while under the influence of liquor, made an assault upon the relator and ran him away from the place where he was staying, and used much rough language towards him, and apparently, towards his wife. The wife and sick baby of relator also left the house, and the wife testified on this hearing that when she got to her husband and told him what language the deceased used toward her that he walked the floor and cried. The evidence further shows that either the next day or the day following, relator sent word to the deceased that he wanted to see him and make friends, which meeting as requested, was by the deceased refused. Subsequently the two men met on the morning of the 28th and the shooting occurred.

The record as made in the court below is not such as to satisfy this court's mind that the State has met the burden imposed upon it and the judgment of the lower court is reversed and bail fixed in the sum of $7500, upon giving which the relator will be discharged.

*Bail granted.*